## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **PHH MORTGAGE CORPORATION,** *Plaintiff* | § § § § | |
| **v.** | § § | **No.  1:26-CV-00244-DAE** |
| **RAFAEL DARIO LANTIGUA JR., DEXTRICIA A. VAUGHT,** *Defendants* | § § § § | |

## ORDER

Before the Court is Plaintiff PHH Mortgage Corporation's ("PHH") motion for alternative service, Dkt. 8. PHH asserts that it has unsuccessfully attempted to serve Defendant Dextricia A. Vaught five times at her home. Dkt. 8, at 1, 5. On four of those occasions, a vehicle registered to Vaught was parked in the driveway. *Id.* at 5. Additionally, the process server left a calling card at the residence during his first attempt, and the calling card was gone at the time of his second attempt. *Id.* PHH asks the Court to allow it to effect alternative service by posting a copy of the summons and complaint on the front door of Vaught's residence or leaving a copy of the citation and complaint with someone over 16 years of age at the residence. *Id.* at 1. Having reviewed the motion and relevant law, the Court will grant the motion.

"Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). A plaintiff is permitted to serve an individual by "following state law for serving a summons in an action

1

brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Texas Rule of Civil Procedure 106(a) provides that service of a citation may be accomplished by (1) delivering it to the defendant in person, or (2) mailing it to the defendant by registered or certified mail, return receipt requested. Tex. R. Civ. P. 106(a). Because it is generally more reliable, Texas law prefers personal service over substitute service. *See Taylor v. State*, 293 S.W.3d 913, 915-16 (Tex. App.—Austin 2009, no pet.).

Where efforts at service by one of the enumerated means have been unsuccessful, a plaintiff may request alternative or substituted service. *Joe Hand Promotions, Inc. v. MHB Enters., LLC*, No. SA-24-CV-00064-XR, 2024 WL 1595678, at *1 (W.D. Tex. Feb. 20, 2024) ("[O]nly after service by one of the two methods provided in Rule 106(a) fails may a court, upon a motion supported by proper affidavit, authorize substituted service."); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298-99 (Tex. 1993).[1] The burden is on the moving party to show that a substitute method of service is appropriate and necessary under Texas law. *Oden v. Wellfirst Techs., Inc.*, No. 2:20-CV-00034, 2020 WL 11272644, at *2 (S.D. Tex. May 29, 2020); *see also In re E.R.*, 385 S.W.3d 552, 564 (Tex. 2012) ("[I]f personal service can be effected by the exercise of reasonable diligence, substituted service is not to be

---

[1] Upon motion supported by sworn statement, the Court may authorize alternative service "(1) by leaving a copy of the citation and a copy of the petition with someone sixteen years of age or older at the location provided in the affidavit; or (2) in any other manner the court finds will be reasonably effective to give notice based on the affidavit and other evidence." *See* Tex. R. Civ. P. 106(b). "The plaintiff must meet a high evidentiary burden to prove that such service is reasonably calculated to provide notice of the proceedings in time to answer and defend." *Titus v. S. Cnty. Mut. Ins.*, No. 03-05-00310-CV, 2009 WL 2196041, at *4 (Tex. App.—Austin July 24, 2009, no pet.).

resorted to." (citation omitted)). "[T]he task of determining when the particularities and necessities of a given case require alternate service of process is placed squarely within the sound discretion of the district court." *SEC v. Millennium Bank*, No. 7:09-CV-050-O, 2009 WL 10689097, at *1 (N.D. Tex. Oct. 21, 2009).

The undersigned finds that PHH has met its burden of demonstrating under Texas Rule of Civil Procedure 106(b) that alternative service on Vaught is warranted. In support its motion, PHH points to an affidavit from its process server, who attempted to effect service on Vaught at her home address five times, as well as Travis County records showing Vaught is the owner of the residence. Dkt. 8, at 5-6, 8.

PHH has thus established that personal service could not be "effected by the exercise of reasonable diligence" and that its proposed alternative notice is "reasonably calculated" to provide Vaught with "notice of the proceedings in time to answer and defend." *E.R.*, 385 S.W.3d at 564; *Titus*, 2009 WL 2196041, at *4; *Premier Fin. Servs., LLC v. Ramirez*, No. EP-22-CV-00059-FM, 2022 WL 18585981, at *1 (W.D. Tex. Apr. 12, 2022) (allowing alternative service by "affixing the Complaint and Summons in a closed transparent bag to the front door of [d]efendant's home" where plaintiff demonstrated that defendant "purposefully evaded its process server" by hanging up a call once defendant learned of the server's purpose).

Accordingly, PHH's motion for alternative service, Dkt. 8, is **GRANTED**. PHH may serve Vaught by affixing a copy of the complaint, summons, and this Order on the front door of the property located at 6823 William Wallace Way, Austin, Texas

3

78754 or by leaving a copy of the complaint, summons, and this Order with someone over 16 years of age at the above-referenced address.

The referral to the Magistrate Judge should now be canceled.

SIGNED April 16, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE